# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

KEVIN WHEELER BELL,
              Appellant,

      v.

UNITED STATES POSTAL SERVICE,
              Agency.

DOCKET NUMBER
DC-0752-14-0613-I-1

DATE: February 24, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Kevin Wheeler Bell, Takoma Park, Maryland, pro se.

Stephen W. Furgeson, Esquire, Landover, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his reduction in force (RIF) demotion appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.[2] Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The appellant has appealed a demotion that was the result of a RIF. Initial Appeal File (IAF), Tab 1 at 3. The agency filed a motion to dismiss the appeal asserting that the appellant was not preference eligible and therefore the Board lacks jurisdiction to hear the appeal. IAF, Tab 5 at 7-14. The administrative judge issued an order to show cause explaining the Board's jurisdiction over RIF actions filed by U.S. Postal Service employees, including the statutory definition of preference eligible, and ordering the appellant to file evidence and argument that could establish the Board's jurisdiction, including documentary evidence such as copies of his DD Form 214 (Certificate of Release or Discharge from Active Duty). IAF, Tab 10. The appellant did not respond to the order to show cause and, on July 17, 2014, the administrative judge dismissed his appeal,

---

[2] There is an issue regarding the timeliness of the petition for review. Petition for Review (PFR) File, Tabs 1-3. However, we have not decided that issue because the petition for review fails to meet the Board's criteria for review for the reasons set forth in this order. *See Pacilli v. Department of Veterans Affairs*, 113 M.S.P.R. 526, ¶ 12, *aff'd*, 404 F. App'x 466 (Fed. Cir. 2010).

without holding a hearing, for lack of jurisdiction. IAF, Tab 11, Initial Decision (ID).

¶3     The appellant has filed a petition for review, including alleged new evidence to support a nonfrivolous allegation that he is preference eligible. Petition for Review (PFR) File, Tab 1. The agency has not filed a response to the appellant's petition for review.

## ANALYSIS

¶4     The appellant's alleged new evidence consists of two copies of a DD Form 214 documenting his separation from the U.S. Marine Corps in 1986, and a letter dated September 30, 2015, from the Department of Veterans Affairs stating that he is a veteran with a service-connected disability receiving compensation. PFR File, Tab 1 at 4-6. Under 5 C.F.R. § 1201.115, the Board will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980). To constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed. *Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989); 5 C.F.R. § 1201.115(d). The appellant has not shown that the information contained in the documents filed with his petition for review was unavailable prior to the record closing below.

¶5     Even if the appellant could establish that this information is new, it is not material to the Board's jurisdictional determination. To be material, the alleged new evidence must be of sufficient weight to warrant an outcome different from that of the initial decision. *Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980).

¶6     The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems*

*Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Except as otherwise provided by law, U.S. Postal Service employees are deemed not to be employees under title 5 of the United States Code.  *See* 5 U.S.C. § 2105(e).  The provisions of title 5 relating to a preference eligible as defined in 5 U.S.C. § 2108(3) apply to an employee of the U.S. Postal Service in the same manner and under the same conditions as if the employee were subject to the competitive service.  39 U.S.C. § 1005(a)(2).  Thus, a preference-eligible employee of the U.S. Postal Service who has been demoted by a RIF is entitled to appeal that action to the Board. *Love v. U.S. Postal Service*, 76 M.S.P.R. 490, 493 (1997); *see* 39 U.S.C. § 1005(a)(2); 5 U.S.C. § 3501(b); 5 C.F.R. §§ 351.202(a)(2), 351.901.

¶7        A veteran who has served on active duty in the armed forces during statutorily specified time periods and was discharged under honorable conditions is preference eligible.  5 U.S.C. § 2108(1)-(3).  A disabled veteran who served on active duty in the armed forces, was separated under honorable conditions, and has established the present existence of a service-connected disability or is receiving compensation, disability retirement benefits, or a pension because of a public statute administered by the Department of Veterans Affairs or a military department is also preference eligible.[3]  *Id*.

¶8        The DD Form 214 the appellant has submitted on review shows that he received an entry-level separation.  PFR File, Tab 1 at 5-6.  According to the Marine Corps Separation and Retirement Manual, an entry-level separation is an uncharacterized administrative separation.  Marine Corps Order 1900.16, Chapter 6, ¶ 6205 (2013), *available at* http://www.marines.mil/News/Publications.aspx. Uncharacterized entry-level separations are considered "under conditions other

---

[3] There is an exception to the definition of veteran and disabled veteran that does not apply to the appellant.  *See* 5 U.S.C. § 2108(1)-(2) (referencing exception provided under 5 U.S.C. § 2108a).  A person expecting to be discharged or released from active duty under honorable conditions can be treated as a veteran or disabled veteran for the purposes of making an appointment in the competitive service for a limited period of time while their discharge is pending.  5 U.S.C. § 2108a.

than dishonorable" by the Department of Veterans Affairs. 38 C.F.R. § 3.12(k)(1). Because the appellant did not serve during the time periods identified in 5 U.S.C. § 2108(1) and was not separated under honorable conditions, he is not preference eligible as defined at 5 U.S.C. § 2108(1)-(3), and the Board lacks jurisdiction over his appeal. *Dooley v. Tennessee Valley Authority*, 43 M.S.P.R. 462, 467 n.4 (1990) (stating that an employee seeking to rely on his discharge to show his eligibility to file an appeal can rely only on a separation effected under "honorable conditions").

¶9    The September 30, 2015 letter from the Department of Veterans Affairs states that the appellant was separated from active duty under honorable conditions. PFR File, Tab 1 at 4. However, the DD Form 214 the appellant submitted does not support this conclusion. The letter from the Department of Veterans Affairs is of insufficient weight to warrant an outcome different from that of the initial decision in light of the DD Form 214 showing that the appellant was separated under other than dishonorable conditions.

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and

that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:               _____
                             William D. Spencer
                             Clerk of the Board

Washington, D.C.